Ed. Bartelle *et al.* v. United States.

No. 828, Ind. T.    Opinion Filed February 23, 1908.

(100 Pac. 45).

**FORNICATION — Prejudice and Suspicion — Evidence — Insufficiency.**
When it appears from the record that a verdict is based upon suspicion and prejudice, this court will grant a new trial. For such a case, see opinion.

(Syllabus by the Court.)

*Appeal from United States Court for the Western District of Indian Territory; Wm. H. H. Clayton, Judge.*

Ed Bartelle and Bertha McCoy-Bartelle were convicted of fornication, and they appeal. Reversed with directions.

On the 2nd day of October, 1906, the grand jury of the United States court, sitting at Wilburton, returned an indictment for fornication against Ed Bartelle and Bertha McCoy-Bartelle, who will hereinafter be called defendants. Being placed upon trial, the defendants were found guilty by the jury, and were sentenced to six months' imprisonment, each, in the United States jail at Fort Smith, Arkansas. Defendants prosecuted an appeal, and the case is regularly before this court for review.

*Harley & Lewis,* for appellants.
*E. G. Spilman,* Asst. Atty. Gen., for the United States.

FURMAN, Presiding Judge. (after stating the facts · as above.) In this case the defendants did not deny that they were living together as husband and wife. On the contrary, they admitted that such was the case, and proved that they had been regularly married. The prosecution did not deny this fact, but prosecuted the case upon the ground that Bertha McCoy-Bartelle had negro blood in her veins, and that therefore the marriage was void and presented no defense to the charge of fornication. The case turned upon this question alone.

The first witness was J. W. Larrison. He testified as follows:

"Q. Do you know where Bertha McCoy had lived during the time you have known her? A. Yes, sir. Q. Do you know who her associates have been during that time—whether white people or negro people? A. Well, I have seen both kinds at the house. Q. Do you know whether or not she has associated herself with colored people in South McAlester since you have known her? A. Yes, there has been colored people there around her house, in the same yard. Q. Do you know whether or not colored people have lived in the same house with her? A. I could not say. * * * Q. Well, now as to her appearance. Have you ever seen her when you had an opportunity to observe her color, and her hair and her eyes, etc.? A. No, sir, I couldn't say that I have. Q. You have never seen her hair? A. No, sir. Q. What is the color of her skin? A. I would call it mulatto. Q. Has she brown skin? Just describe her appearance. A. Well, if I was going to describe her, I would call her a light-colored mulatto."

A number of other witnesses were offered for the prosecution, to support the issue that Bertha McCoy-Bartelle had negro blood in her veins, but the above is by far the strongest testimony upon this issue offered in behalf of the prosecution.

The defendants proved that they were legally married, and were living together as husband and wife during the time of the alleged fornication. We shall quote and adopt the following portion of the brief of the Attorney General in this case:

"The verdict of the jury did not have a scintilla of reliable evidence to support it. The proof in the case consisted of unscientific opinions of ignorant men who worked for a livelihood in and around the territorial courts. The positive statement of Ed Bartelle that he is a French Creole, a native of Martinique, that his mother was a French woman, stands as the only evidence in the case as to his race and blood. It is uncontradicted. The statement of Bertha McCoy-Bartelle that she is a French Creole and Indian-Mississippi Choctaw is the only evidence as to her blood and race. She is uncontradicted. This is not a case for reversal, it is a miscarriage of justice and should be dismissed offhand."

' It is true that the defendants are poor and humble people, but they are entitled to the protection of the law. This court will

never allow a verdict to stand based upon such alleged evidence as is presented in this record. We shall not dismiss the case, but it is reversed with directions to grant a new trial, and the county attorney of Pittsburg county is directed to dismiss the case unless he can secure evidence to support the indictment.

BAKER and DOYLE, JUDGES, concur.