J. T. SHIVE v. STATE.
No. A-1346.   Filed February 3, 1912.

Appeal from Custer County Court; W. J. Lackey, Judge.

L. T. Shive was convicted of violating the prohibitory law, and appeals. Reversed and remanded.

Holcombe & Norfleet, for plaintiff in error.

Smith C. Matson and E. G. Spilman, Asst. Attys. Gen., and E. J. Lindley, Co. Atty. of Custer county, for the State.

PER CURIAM. The plaintiff in error was convicted in the county court of Custer county at the July, 1911, term, on a charge of selling intoxicating liquor, and on the 1st day of August, thereafter, was adjudged to pay a fine of two hundred and fifty dollars and be confined in the county jail for a period of thirty days. The information charges that the accused sold two bottles of beer to one Frank Coker on September 3, 1909, in Custer county, Oklahoma. The testimony of the witness, Coker, was the only evidence introduced by the state tending to establish the charge. His testimony is as follows: ''Q. Tell the jury what you did there. (Meaning the house of the accused.) A. I got two bottles of beer there. Q. Just go ahead and tell the rest and when we got them drank Dick said let's have another, of the transaction. Tell the jury what you did. A. Dick Cole and I was together, and I asked for some beer; first we met Judge on the street, and we walked to his home, and he said he had some beer, so I got two bottles, and Dick Cole drank one, and I drank the other, and when we got them drank Dick said let's have another and he got two more, and after he had got them, I laid fifty cents on the table in the dining room where we was all at. He was in a hurry and said he had to go to the train and meet his wife and Mrs. Bowes. Q. You may state to the jury in what part of the house this all took place. A. In the dining room. Q. Where was the defendant when you put it on the table? A. We was all in the room there together. Q. Did he know you put the money there? A. He ought to have known it; we was all in the dining room; but I didn't see him pick it up. I was the first one out. I think I was out to the gate before they came out of the house. The gate is there near the door. I couldn't say that he picked it up, for I didn't see him. Q. Who delivered the beer to you? A. He taken it out of the ice box that set on the table. Q. You say the defendant took it from the ice box? A. Yes, sir, and set it on the table. I am sure he did. Q. Did you lay the fifty cents near the place where you got the beer? A. Yes, sir; right near it I will say. Q. What was said about the beer, if you remember? A. Nothing that I remember. As well as I remember, he was in a hurry and there was not much said. Q. Where was he standing when you laid the money there? A. In the room near the table. I don't remember just how far, but it was in the same room. Q. Tell the jury what he said. A. He said he was in a hurry, he had to meet the train, as Mrs. Bowles was away, and he left.''

On cross-examination, this witness testified further that he had been arrested and convicted for bootlegging; that he had an agreement with the county officers under which he was to ''turn up a lot of them, if they would let me, and he (Ed Thomas, sheriff) told me that if I would go down and bring proofs he would make it right with me. I was to file all I could get.''

Dick Cole, who the prosecuting witness claims was with him testified on behalf of the defendant as follows:

''Q. Did you on the third day of September, 1909, or any other day, buy any beer of this defendant? A. No, sir; I wasn't there. Q. Did Frank Coker on the third day of September, or any other time, buy any beer of this defendant in your presence? A. No, sir.''

The testimony of this witness was not shaken on cross-examination. A number of witnesses testified that the reputation of the prosecuting witness, Coker, for truthfulness was bad.

The Attorney General in his brief takes the position that the conviction was improper under the record, and the testimony insufficient upon which to base a verdict of conviction, if the rule in the case

of Mask v. State, 2 Okla. Cr. 85, is adhered to. The county attorney has filed an extensive supplemental brief, principally in opposition to the position assumed by the Attorney General's office. We have carefully considered this record, and are unable to conclude that this conviction should stand. This court has never upheld a conviction based upon the uncorroborated testimony of a self-confessed criminal, who admitted in his testimony that he was securing immunity by reason of such testimony, and when such witness is impeached for truthfulness and flatly contradicted by other witnesses whose credibility is not assailed. If this were a case where two witnesses of equal credibility had testified, and the issues had been properly submitted to the jury, this court would not interfere with a verdict of conviction. But no such case is presented.

The county attorney in his supplemental brief has cited numerous authorities, not a single one of which is in point upon the issue here raised. The proof in this case does not anywhere indicate that the prosecuting witness asked the accused to sell him beer. All the circumstances indicate that the parties were merely taking a social drink, if they were at the home of the accused at all. The prosecuting witness laid down fifty cents, and does not undertake to say that the accused ever got it, or knew that he put it or was going to put it there. No act of the prosecuting witness could amount to constituting a sale by the accused. It must be he who parts with his property for consideration in order to establish a sale. If the state is to be allowed to secure convictions without clearly establishing a sale, or proving facts from which, in law, a legitimate inference may be drawn that a sale had been made, then no honest man would be safe from persecution by his enemies. No one would contend that the taking of a social drink is prohibited by the terms of the statute, and it cannot be more consistently urged that, if persons take a social drink and one, without the knowledge or consent of the other, expressed or implied by his acts, leaves money secreted about the place or room, he could by such act cause the prosecution and conviction of the others.

This case comes clearly within the rule of Mask v. State, supra, a rule that has been followed uniformly by this court. If the county attorney of Custer county will devote his time and energy to the end of securing sufficient testimony to clearly establish an offense as vigorously in other cases as he has in his brief presented this, the good citizens of his county will have no occasion to complain of the lack of proper law enforcement. The confession of error by the Attorney General is sustained, and this cause reversed and remanded.